Olimpio Squitieri
**SQUITIERI & FEARON, LLP**
305 Broadway, 7th Floor
New York, New York 10007
Tel: (212) 421-6492
lee@sfclasslaw.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TARA WILLIAMS, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| CAPTION MANAGEMENT LLC, CAPTION PARTNERS II LP, CAPTION GP, LLC, WILLIAM COOPER III and JASON STRASSER, | |
| Defendants, | |
| and | |
| CLARUS CORPORATION, | |
| Nominal Defendant. | |

Plaintiff, by her undersigned attorneys, alleges as follows on personal knowledge as to herself and her acts and on information and belief as to all other matters, based upon an investigation by plaintiff's counsel.  Plaintiff expects that discovery will yield substantial evidentiary support for the allegations herein.

Pursuant to Local Civ. R. 10.1, the names and address of the parties are as follows:

**Plaintiff**

Tara G. Williams
100 Jane Street
New York, New York 10014

**Defendants**

Caption Management LLC
444 Madison Avenue
New York, New York 10022

Caption Partners II LP
444 Madison Avenue
New York, New York 10022

Caption GP, LLC
444 Madison Avenue
New York, New York 10022

William Cooper
444 Madison Avenue
New York, New York 10022

Jason Strasser
444 Madison Avenue
New York, New York 10022

**Nominal Defendant**

Clarus Corporation
2084 East 3900 South
Salt Lake City, Utah 84124

## NATURE OF THE ACTION

1.    Plaintiff, as and for her complaint against the defendants (all of whom have admitted to being beneficial owners and are in fact, a "group," for Section 16 purposes) named herein, brings this action under Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p(b), for the benefit of the nominal defendant Clarus Corporation ("Clarus" or the "Company"), to recover short-swing profits made by Defendants who were Section 16(b) (10% (or more)) beneficial owners with a pecuniary interest in Clarus securities both

when they bought Clarus securities in the open market and then sold their position in the open market within a six-month period in the summer of 2023.

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to Section 16(b) of the Exchange Act.

3. This Court has jurisdiction of this litigation pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331.

4. Venue is properly laid in this District pursuant to Section 27 of the Exchange Act and 28 U.S.C. § 1391(b) and (c). Defendants maintain a major operations in this District.

5. In connection with the acts, conduct, and scheme alleged in this Complaint, defendants, directly and indirectly, used the means and instrumentalities of interstate commerce, including the mails and telephonic communications and the facilities of a national securities exchange.

## THE PARTIES

6. Plaintiff Tara G. Williams ("Plaintiff") was and is a shareholder of Clarus. Plaintiff has, as required by law, made due demand on or about December 1, 2023 upon the Company's Board of Directors (the "Board") to recover the short swing profits described herein. A copy of the demand is attached as Exhibit A together proof of delivery. Clarus has not responded to the demand.

7. Nominal Defendant Clarus is a Delaware corporation headquartered at 2084 East 3900 South, Salt Lake City, Utah.

3

8.      Defendant Caption Partners II LP a Delaware limited partnership was at all relevant times a Section 16(b) insider of Clarus who purchased Clarus common stock within six months of becoming a 10% owner and sold a portion of those shares while still a 10% owner.

9.      Defendant Caption Management LLC ("Caption"), a Delaware limited liability company, was, at all relevant times a Section 16(b) insider of Clarus who purchased Clarus Corp. common stock within six months of becoming a 10% owner and sold a portion of those shares while still a 10% owner.

10.     Caption has stated in one of its 13F filings that it is "a hedge fund with 5 clients". Its reports appear to state it has assets of over $6 billion."

11.     Defendant Caption GP LLC a Delaware limited liability company partnership was at all relevant times a Section 16(b) insider of Clarus who purchased Clarus Corp. common stock within six months of becoming a 10% owner and sold a portion of those shares while still a 10% owner.

12.     Defendant William Cooper is a managing member of the defendant LLCs and LLP and was at all relevant times a Section 16(b) insider beneficial owner of Clarus stock who purchased Clarus Corp. common stock within six months of becoming a 10% owner and sold a portion of those shares while still a 10% owner.

13.     Defendant Jason Strasser is a managing member of the defendant LLCs and LLP and was at all relevant times a Section 16(b) insider beneficial owner of Clarus stock who purchased Clarus Corp. common stock within six months of becoming a 10% owner and sold a portion of those shares while still a 10% owner.

14.     Public filings state that Strasser and Cooper are both direct owners of 25%-50% each of Caption.

4

**SUBSTANTIVE ALLEGATIONS**

### A.    Background

15.    Clarus is a Delaware corporation with its principal offices located at 2084 East 3900 South, Salt Lake City, Utah 84124. Through its subsidiary and affiliated operating companies, Clarus has built a stellar reputation as a global leader in the design, development, manufacture and distribution of best-in-class outdoor equipment and lifestyle products and apparel focused on the outdoor and consumer enthusiast markets.

16.    During the relevant time period, Clarus operated lines of businesses offering its shareholders significant value and prospects.

17.    During the time Defendants were Rule 16(b) insiders, according to Clarus, there transpired highly unusual, irregular and volatile trading in Clarus securities, which caused a precipitous decline in its stock price and a loss of almost half a billion dollars in market capitalization. *See Clarus v. HAP Trading LLC,* U.S.D.C. S.N.D.Y. 22 cv-08243 (ECF No. 1). Clarus has alleged that the Section 16(b) violations alleged herein are especially suspect because they occurred against the backdrop of this unusual trading activity.

### B.    Summary of 16(b) Violations

18.    On or about September 6, 2022 Caption Management LLC (and affiliates) acknowledged to Clarus (or Clarus discovered) that on or about July 19, 2022, Defendants became 10% beneficial owners of Clarus' outstanding common stock but had failed to timely file Section 13 reports as required by the Securities Exchange Act of 1934.

19.    Defendants also admitted to Clarus (or Clarus discovered) that thereafter they crossed the 10% beneficial ownership threshold "on more than on occasion" between July 2022

and September 1, 2022. In or about the same time, Defendants confirmed to Clarus that its ownership was as high as 17% of Clarus outstanding common stock.

20.    Those admissions were confirmed in a Schedule 13G filed on September 2, 2022, signed by Defendant Cooper, on behalf of all Defendants it was disclosed that: as of July 19, 2022 Defendants owned 3,740,931 shares of Clarus representing 10.01% of Clarus; as of July 27, 2022, Defendants owned 17.1% of the outstanding shares (6,389,631); as of August 30, 2022 Defendants owned 7.39% (2,760,600).

21.    Accordingly between July 19, 2002 and July 27, 2022, Defendants purchased approximately 2,450,000 shares of Clarus after they became 10% owners.

22.    Thereafter, and before August 30, 2022, while still 10% owners, Defendants sold approximately 3,500,000 shares.

23.    Between July 19, 2022 and July 27, 2022, Clarus shares traded as high as $20.65 per share and as low as $18.09 per share. Between July 27, 2022 and August 29, 2022, Clarus shares traded as low as $18.78 per share and as high as $27.81 per share.

24.    On 18 of the 21 trading days between July 27, 2022 and August 30, 2022 (non-inclusive), Clarus' stock traded higher than the highest trading price reported between July 19, 2022 and July 27, 2022 (inclusive).

25.    As a result, Caption almost certainly booked millions of dollars in disgorgeable profits under Rule 16(b) of the Exchange Act.

26.    The above-referenced purchases and sales or sales and purchases all occurred within a period of less than six months, and may be matched, using the "lowest in, highest out" method to calculate short swing profits realized by Defendants.  Upon information and belief,

Defendants realized short-swing profits that are recoverable by Clarus under Section 16(b), in an amount to be determined at trial.

**C.     Section 13(d) of the Exchange Act Obligated Defendants to Make Mandatory Filings Disclosing their Ownership of Clarus Securities**

27.     Section 13(d)(1) of the Exchange Act (15 U.S.C. § 78m(d)) and SEC Rule 13d-1 (17 C.F.R. § 240.13d-1) require any person who has acquired more than 5% of any voting class of a Section 12 registered equity security to file, within 10 days of the acquisition of the 5%, a statement with the SEC containing the information required by Schedule 13D.  This statement must be complete and accurate.  *S.E.C. v. Savoy Indus., Inc.*, 587 F.2d 1149, 1165 (D.C. Cir. 1978).

28.     Defendants failed to do so.

**D.     Section 16(a) of the Exchange Act**

29.     In addition to Section 13(d), Section 16(a) of the Exchange Act imposes an additional reporting requirement for officers and directors of a public company, as well as "every person who is directly or indirectly the beneficial owner of more than 10 percent of any class of any equity security."  15 U.S.C. § 78p(a)(1).  Such persons are deemed to be insiders and must file statements reporting their ownership to the SEC by filing initial statements of beneficial ownership of equity securities on Form 3 and a subsequent changes in beneficial ownership filed on Form 4. 15 U.S.C. § 78p(a); 17 C.F.R. § 240.1613.  Sec. & Exch. Comm'n, Form 3, General Instruction 2(a).

30.     Defendants failed to do so.

**COUNT I**

**(Against All Defendants for Violations of Section 16(b) of the Exchange Act)**

31.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

32.    Section 16(b) of the Exchange Act provides in pertinent part:

For the purpose of preventing the unfair use of information which may have been obtained by … [a] beneficial owner [of 10% or more of any class of equity security], director or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer … within any period of less than six months … shall inure to and be recoverable by the issuer, irrespective of any intent on the part of such beneficial owner, director or officer in entering into such transaction of holding the security purchased or of not repurchasing the security sold for a period not exceeding six months.

33.    SEC Rule 16a-1(a), 17 C.F.R. § 240.16a-1(a), deems a "beneficial owner" under Section 16 as any person who is deemed a beneficial owner under Section 13(d) and who has a "pecuniary interest" in the securities at issue.

34.    17 C.F.R. § 240.16a-1(a)(2)(i) defines pecuniary interest as "the opportunity, directly or indirectly, to profit or share in any profit derived from a transaction in the subject securities."

35.    By virtue of Defendants' role as beneficial owners of greater than 10% of Clarus stock with a pecuniary interest for Section 16(b) purposes both before their purchase of Clarus stock on July 19, 2022 and at the time of sale, they are required to disgorge any short swing profits to Clarus.

36.    All of the Defendants as a "group" of beneficial owners purchased and sold securities of the issuer within a six-month period ending on or about August 30, 2022.

37.    All of the Defendants earned profits from the sale of the issuer securities which were purchased within the meaning of the statute within six months of their sale.

38.    The transactions described herein constitute short swing trading by Defendants and the retention of profits from such trades is in violation of Section 16(b) and rules of the SEC promulgated thereunder.

8

39.     Under Section 16(b), profits earned by Defendants from these short swing trades must be disgorged to the Company.

40.     Plaintiff has made due demand upon the Board to require Defendants to return such profits to the Company.

41.     Plaintiff's demand has received no response or objection and more than 60 days has passed since the demand has been made.

42.     There are no exemptions applicable to the short swing transactions which are the subject of this lawsuit.

43.     The Company has suffered loss and damage as a result of the transactions described herein and is owed disgorgement of short swing profits by Defendants herein jointly and severally.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

A.     For an order declaring that the transactions described herein constitute short swing trading under applicable laws and rules;

B.     For judgment against Defendants in favor of the nominal defendant in the amount of any short swing profits;

C.     Awarding Plaintiff her reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

D.     Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands trial by jury.

Dated:  February 12, 2024

SQUITIERI & FEARON, LLP

By:/s/Olimpio Squitieri
     Olimpio Squitieri
305 Broadway, 7th Floor
New York, New York 10007
Tel: (212) 421-6492
lee@sfclasslaw.com

*Counsel for Plaintiff*

10