UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
TARA WILLIAMS,                                                     :
                                                                   :
                              **Plaintiff,**       :
                                                                   :
                    -against-                    :   24-CV-01018 (ALC)
                                                                   :
CAPTION MANAGEMENT LLC, CAPTION                                    :
PARTNERS II LP, CAPTION GP, LLC, WILLIAM                           :   <u>ORDER AND OPINION</u>
COOPER III and JASON STRASSER,                                     :
                                                                   :
                           **Defendants.**      :
                                                                   :
                         and              :
                                                                   :
CLARUS CORPORATION,                                                :
                                                                   :
                 **Nominal Defendant**     :
------------------------------------------------------------------ X

**ANDREW L. CARTER, JR., District Judge:**

      Plaintiff Tara Williams brings this action under Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78p(b) on behalf of nominal defendant, Clarus Corporation ("Clarus"), to recover short-swing profits allegedly earned by Defendants Caption Management LLC ("Caption"), Caption Partners II LP (the "Caption Fund"), Caption GP, LLC ("Caption GP"), William Cooper III, and Jason Strasser.

      Williams, a Clarus shareholder, alleges that Defendants make up a "group" of insiders for purposes of Section 16 of the Exchange Act and that they reaped short-swing profits from sales of Clarus shares after Defendants became beneficial owners of 10% (or more) of Clarus securities. Defendants now move to dismiss Williams's complaint for failure to state a claim for which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). After careful

1

consideration and for the reasons outlined in greater detail below, Defendants' motion to dismiss Williams's Complaint is DENIED.

## BACKGROUND

### I.  Procedural Background

Williams filed the Complaint in this case on February 12, 2024, alleging violations of Section 16(b) of the Exchange Act.  ECF No. 1 ("Compl.").  On April 8, 2024, Defendants filed a pre-motion letter request to discuss the bases for their anticipated motion to dismiss, ECF No. 15, and Williams filed a response on April 11, 2024.  ECF No. 16.  On April 19, 2024, the Court granted Defendants leave to file a motion to dismiss.  ECF No. 17.  Defendants filed their motion on May 17, 2024, ECF Nos. 20, 21 ("Def. Br."), Williams filed her opposition on June 7, 2024, ECF No. 24 ("Pl. Opp."), and Defendants filed their reply on June 21, 2024.  ECF No. 26 ("Def. Reply").

### II.  Background

The following facts are taken from the Complaint, documents referenced in or incorporated by the Complaint, and facts of which the Court may take judicial notice.[1]

---

[1] In reviewing a Rule 12(b)(6) motion, the Court may consider the following materials:  "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence."  *In re Merrill Lynch & Co.*, 273 F.Supp.2d 351, 356–57 (S.D.N.Y. 2003), *aff'd in part, reversed in part sub nom., Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), *cert. denied*, 546 U.S. 935 (2005). The Complaint references and relies integrally upon (1) a communication containing Defendants' acknowledgement to Clarus that it became 10% beneficial owners of Clarus securities and (2) the September 2, 2022 Schedule 13G statement.  The Court also considers regulatory documents, such as the SEC Form ADV, that have been filed by Defendants.

### a. The Parties

Clarus is a Delaware corporation that makes outdoor equipment and lifestyle goods. Compl. ¶ 15. Williams is a Clarus shareholder. *Id.* ¶ 6. Caption is a Delaware limited liability company and an investment advisor registered with the SEC. *Id.* ¶ 9; ECF No. 22-1 § 7.B(1). One of Caption's clients, the Caption Fund, is a private fund and a Delaware limited partnership. ECF No. 22-1 § 7.B(1); Compl. ¶ 8. The Caption Fund's General Partner is Caption GP, a Delaware limited liability company and an investment advisor. ECF No. 22-1 § 7.A.; Compl. ¶ 9. Cooper and Strasser are both managing members of Caption and Caption GP. Compl. ¶¶ 12–13. Cooper and Strasser are also direct owners of 25%–50% each of Caption. *Id.* ¶ 14.

### b. The Transactions

Williams alleges that as of July 19, 2022, Defendants beneficially owned 10.01% of the outstanding shares in Clarus (3,740,931). *Id.* ¶ 20. As of July 27, 2022, Defendants beneficially owned 17.1% of the outstanding shares (6,389,631). *Id.* As of August 30, 2022, Defendants beneficially owned 7.39% of the outstanding shares (2,760,600). *Id.* Between July 19, 2022 and July 27, 2022—after acquiring 10% of Clarus's common stock—Defendants purchased approximately 2,450,000 shares of Clarus. *Id.* ¶ 21. Before August 30, 2022, and while still owning more than 10% of Clarus's stock, Defendants sold approximately 3,500,000 shares. *Id.* ¶ 22. Williams alleges that on or about September 6, Defendants admitted to Clarus (or Clarus discovered) that they had crossed the 10% threshold of common stock ownership. *Id.* ¶¶ 18–19. Williams contends that Defendants formed a group of beneficial owners under Section 16 of the Exchange Act and their sale of Clarus stock represents millions of dollars in disgorgeable short-swing profits that are recoverable by Clarus under Rule 16(b) of the Exchange Act. *Id.* ¶¶ 25–26.

### c. The September 2, 2022 Email

In their opening brief, Defendants attached a September 2, 2022 email from Defendant Cooper to John Walbrecht and Michael Yates of Clarus with the subject "Clarus Corporation 13G filing."[2] ECF No. 22-3 at 2. In the email, Cooper alerted that Caption would file a Schedule 13G statement that afternoon to reflect Caption's beneficial ownership in Clarus, noting: "[A]s of yesterday, we own 3.48% of the company's common stock . . . and we beneficially owned in excess of 10% of the company's outstanding common stock . . . on July 19th; 15% on July 27th; and 5% on August 30th." *Id.*

Cooper added that "the vast majority of [Caption's] long call holdings throughout the relevant period consisted of deep out-of-the-money call options that were unlikely to be exercised, and if [Caption] did exercise those calls it would be because of a meaningful appreciation in Clarus stock price and [Caption] would likely still be net short in-the-money calls." *Id.* Cooper further noted that Caption is "a passive investor focused on volatility strategies involving U.S. equity markets[,]" and stated that Caption neither "engage[s] in any form of shareholder activism" nor has any "intention to advocate for changes at the company or otherwise influence the company or its management." *Id.*

### d. The Schedule 13G Statement

On September 2, 2022, Defendants filed a Schedule 13G statement with the SEC. Compl. ¶ 20; ECF No. 22-2. The Schedule 13G statement explained: "The Reporting Persons (i) beneficially owned 3,740,931 Shares (as defined below), representing 10.01% of the

---

[2] Williams does not dispute that the September 2, 2022 email is the communication in which she alleges Defendants admitted to Clarus that they had crossed the 10% threshold. In fact, Willaims states that the email can serve as an "additional source of detailed facts supporting [her] claim that can be used to cure any infirmities." Opp. Br. at 2 n.2.

4

outstanding Shares, as of July 19, 2022; (ii) beneficially owned 6,389,631 Shares, representing 17.1% of the outstanding Shares, as of July 27, 2022; (iii) beneficially owned 2,760,600 Shares, representing 7.39% of the outstanding Shares, as of August 30, 2022; and (iv) as of September 1, 2022, beneficially owned Shares in the amounts set forth below in this Schedule 13G." ECF No. 22-2 at 8. The reporting persons are defined as Caption, Caption Fund, Caption GP, Cooper, and Strasser. *Id.*

The form further states that "Caption [ ], Caption GP, Mr. Cooper and Mr. Strasser own directly no [s]hares[,]" rendering the Caption Fund as the only entity holding any Clarus stock directly at the time of the filing. ECF No. 22-2 at Item 4. Caption GP reported "with respect to [s]hares beneficially owned by [the] Caption [Fund]." *Id.* at Item 2(a). Caption, Cooper, and Strasser reported with respect to securities held by other Caption clients unnamed in the Compliant. Caption reported "with respect to" Clarus securities "held by certain investment funds and managed accounts it manages" because it "maintains investment and voting power with respect to the securities held by" all of those advisory clients. *Id.* at Item 2(a). Both Cooper and Strasser reported "with respect to [s]hares beneficially owned by" Caption, Caption GP, and the Caption Fund. *Id.* The form was signed by Cooper (on behalf of himself, Caption, Caption Fund, and Caption GP) and Strasser. ECF No. 22-2 at 11.

## STANDARD OF REVIEW

### I. Motion to Dismiss

To survive a motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading "need not include detailed factual allegations, but must contain sufficient factual matter . . . to

state a claim to relief that is plausible on its face." *Corona Realty Holding, LLC v. Town of N. Hempstead*, 382 F. App'x 70, 71 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotations omitted). When considering a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). However, incantation of the elements of a cause of action, "supported by mere conclusory statements," is not enough to show plausibility. *Id.* at 72. Instead, "[f]actual allegations must be enough to raise the right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

### II.     Section 16(b)

Section 16 of the Exchange Act "was enacted to prevent corporate insiders from using non-public information to 'speculate in the stock of the corporations to which they owe a fiduciary duty.'" *Donoghue v. Centillium Commc'ns, Inc.*, No. 05-CV-4082, 2006 WL 775122, at *2 (S.D.N.Y. Mar. 28, 2006) (quoting Senate Comm. on Banking & Currency, Stock Exchange Practices, S. Rep. No. 73-1455, at 68 (1934)). The statute requires "disgorgement to the company of any profit derived from the matching of any purchase and any sale of an 'equity security' (other than an exempted security) within a six-month period by a statutory insider." *Gwozdzinsky v. Zell/Chilmark Fund, L.P.*, 156 F.3d 305, 308 (2d Cir. 1998).

Section 16(b) imposes strict liability: a plaintiff must show "that there was (1) a purchase and (2) a sale of securities (3) by [an insider] (4) within a six-month period." *Id.*; *Donoghue v. Murdock*, 13-CV-1224, 2013 WL 4007565, at *3 (S.D.N.Y. Aug. 6, 2013). An insider is either (1) any beneficial owner of more than 10% of any class of non-exempt equity security, (2) anyone who is a director of the issuer of any such security, and (3) anyone who is an officer of

6

the issuer of any such security. 15 U.S.C. § 78p(a)(1); *see Gwozdzinsky*, 156 F.3d at 308 n.3. Either the issuer or (as here) a shareholder acting derivatively on the issuer's behalf may bring a lawsuit under Section 16(b). *Gwozdzinsky*, 156 F.3d at 308; *Murdock*, 2013 WL 4007565, at *3.

### III.     A "Beneficial Owner" Under Section 16(b)

As relevant here, Section 16(b) of the Exchange Act requires "any beneficial owner of more than 10%" of a company's shares to disgorge profits obtained from a short-swing sale. 15 U.S.C. § 78p(a)–(b). "Short-swing trading" refers to "any purchase and sale, or any sale and purchase, of any equity security of such issuer . . . within any period of less than six months." 15 U.S.C. § 78p(b). However, the Exchange Act does not define "beneficial owner" as used in Section 16(b). In 1991, the SEC promulgated Rule 16a-1, which—"[s]olely for purposes of determining whether a person is a beneficial owner of more than ten percent [of an issuer's shares]—defined "beneficial owner" as "any person who is deemed a beneficial owner pursuant to section 13(d) of the [Exchange] Act." 17 C.F.R. § 240.16a-1(a)(1). In turn, SEC Rule 13d-3—which was promulgated to implement and clarify Section 13(d)—defines "beneficial owner" as "any person who[ ] directly or indirectly . . . has or shares: (1) [v]oting power which includes the power to vote, or to direct the voting of, such security; and/or (2) [i]nvestment power which includes the power to dispose, or to direct the disposition of, such security." 17 C.F.R. § 240.13d-3(a)(1), (2).

Although Rule 16a-1 utilizes Section 13(d)'s definition of "beneficial ownership," it excludes certain categories of beneficial owners that otherwise would be covered by Section 13(d). Under Rule 16a-1(a)(1), neither a registered investment advisor ("RIA") nor a parent holding company or "control person" will be deemed the beneficial owner of securities held "for the benefit of third parties or in customer or fiduciary accounts in the ordinary course of

7

business," only if shares are acquired "without the purpose or effect of influencing control of the issuer or engaging in any arrangement subject to Rule 13d-3(b)." 17 C.F.R. § 240.16a-1(a)(1)(v), (vii). Additionally, a control person is excluded under Rule 16a-1 unless they own more than 1% of the outstanding shares of the relevant issuer, either directly or indirectly through subsidiaries or affiliates. *See* Rule 16a-1(a)(1)(vii).

Where shares are beneficially owned by more than one person or entity, Section 13(d) provides that those persons or entities may constitute a "group" under the statute, thus the group's shares will be aggregated for purposes of determining whether Section 16's 10% beneficial-ownership threshold is reached. To constitute a group, multiple individuals must "agree to act together 'for the purpose of acquiring, holding, or disposing of securities of an issuer.'" *See Rubenstein v. Int'l Value Advisers*, LLC, 959 F.3d 541, 546 (2d Cir. 2020) (citing 17 C.F.R. § 240.13d-5(b)(1)) (concluding that "provisions impose liability only when insiders enter an agreement, as defined in 17 C.F.R. § 13d-5(b)(1), to trade the securities of a particular issuer").

## DISCUSSION

Defendants move to dismiss on the basis that Williams has demonstrated neither that Defendants are insiders subject to Section 16(b) liability given the exemptions for registered investment advisors ("RIAs") and control persons set out in Section 16, nor that Defendants constitute a group of beneficial owners such that their holdings reach Section 16's 10% threshold. Additionally, Defendants attached two documents, *inter alia*, referenced in Williams's Complaint: (1) a Schedule 13G statement dated September 2, 2022 and (2) a September 2, 2022 email from Cooper to Clarus noting that Defendants had exceeded the beneficial ownership threshold. *See* ECF Nos. 22-2; 22-3. In response, Williams argues that

Defendants cannot raise the Section 16(b) exemptions for RIAs and control persons at the pleading stage because doing so raises an affirmative defense. Williams further argues that she has adequately pled that Defendants are a group of beneficial owners subject to Section 16.

**I.**     *The Section 16(b) Exemptions Are Not Available to Defendants*

The Court first considers whether Section 16(b) exemptions are applicable at this stage, finding that they are not. Williams alleges that "no exemptions are applicable to the short swing transactions which are the subject of this lawsuit." Compl. ¶ 42. Defendants favor the view that the Court should consider whether the RIA and control person exemptions are applicable because these are not affirmative defenses, but rather "elements of a [a Section 16(b)] claim" and "thus must be adequately pled." Def. Rep. at 8–9 (citing *Greenfield v. Criterion Cap. Mgmt., LLC*, No. 15-CV-03583, 2016 WL 4425237, at *8 (N.D. Cal. July 5, 2016)). Even if the exemptions might apply, Williams contends that Defendants cannot avail themselves of the statutory exemptions for RIAs and control persons because these constitute affirmative defenses inapplicable in the pleading stage. Opp. Br. at 6–7. The Court agrees with Williams.

It is axiomatic that "[a] court may dismiss a claim on the basis of an affirmative defense only if 'the facts supporting the defense appear on the face of the complaint' and 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" *United States v. Space Hunters, Inc.*, 429 F.3d 416, 426 (2d Cir. 2005) (quoting *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir.2004)). Moreover, in this district, a defense is not considered affirmative when it "merely negates an element of the plaintiff's prima facie case." *Hadar v. Concordia Yacht Builders, Inc.*, 886 F.Supp. 1082, 1089 (S.D.N.Y. 1995).

The Parties submit opposing views by district courts—including in the Second Circuit— as to the applicability of statutory exemptions for RIAs and control persons at the motion to

9

dismiss stage. *See Packer ex rel. 1-800-flowers.com, Inc. v. Raging Capital Management, LLC*, 242 F. Supp. 3d 141, 143 (E.D.N.Y. 2017) (concluding that "the registered investment adviser exemption" is "an affirmative defense not subject to resolution on a motion to dismiss"); *see also Greenfield v. Cadian Cap. Mgmt., LP*, 213 F. Supp. 3d 509, 518 (S.D.N.Y. 2016) (concluding that the plaintiff sufficiently pleaded facts permitting an inference that the RIA exemption did not protect defendants in a motion to dismiss a Section 16(b) action).

In the absence of any binding decisions on this issue, the Court looks to the statutory text of Section 16(b) and concludes that—at least at this juncture—Williams need only allege Defendants' insider status, trades within six months of each other, and profits, thereby pleading "every element of a § 16(b) action." *Raging Capital*, 242 F. Supp. at 149.  As explained below, the Court concludes that Williams has adequately pleaded these elements; therefore, the Court declines to consider any statutory exemptions in deciding this motion to dismiss.

**II.**     *Williams Has Plausibly Pleaded That Defendants Are Insiders Under Section 16*

The Parties agree, and the Complaint plainly shows, that the Defendants reported the purchase and sale of Clarus securities from July 19, 2022 to August 30, 2022, fulfilling three elements of the four-part test used to demonstrate strict liability under Section 16(b).  The remaining dispositive question is whether Williams has plausibly alleged that Defendants are beneficial owners of Clarus, thereby rendering them as company insiders under Section 16(b). The Court concludes Williams has done so.

Williams uses the Schedule 13G statement filed by Defendants in order to argue that Defendants are a group of beneficial owners.  A Schedule 13G statement must be filed when a person (including an investment advisor) becomes a beneficial owner of more than 5% of an issuer's securities per Section 13.  17 C.F.R. § 240.13d-1(a)–(b).  "'[B]eneficial ownership'

10

under SEC rules is defined differently for different purposes." *Egghead.Com, Inc. v. Brookhaven Cap. Mgmt. Co.*, 340 F.3d 79, 83 (2d Cir. 2003). Given Section 16(b)'s exemptions for RIAs and control persons, the term is less inclusive than as defined under Section 13, so beneficial ownership reported in a Schedule 13G statement does not necessarily demonstrate beneficial ownership for the purposes of determining Section 16(b) liability.

Defendants argue that because (1) Caption and Caption GP are RIAs and (2) Cooper and Strasser are control persons, then Defendants are exempt from being deemed beneficial owners. But as the Court concluded, Defendants cannot avail themselves of these exemptions at this juncture. Here, Williams plainly alleges that Defendants were "beneficial owners of greater than 10% of Clarus stock with a pecuniary interest for Section 16(b) purposes both before their purchase of Clarus stock on July 19, 2022 and at the time of sale, [requiring them] to disgorge any short swing profits to Clarus." Compl. ¶ 35. Therefore, Clarus has adequate pleaded that Defendants were insiders.

**III.**     *Williams Has Plausibly Pleaded That Defendants Constitute a Group*

Having determined that Williams sufficiently alleged that Defendants were Section 16(b) insiders, the Court next considers whether she has plausibly established group treatment and finds that she has done so. Defendants argue Williams has not adequately alleged that Defendants make up a group under *Rubenstein v. Int'l Value Advisers, LLC*, where the Second Circuit held that "[the Exchange Act and related regulations] impose liability only when insiders enter an agreement . . . to trade the securities of a particular issuer, 959 F.3d 541, 546–48 (2d Cir. 2020) (affirming dismissal in part on the basis that "[w]hen an advisor and its clients have not entered an agreement to acquire, hold, vote, or dispose of the securities of a particular issuer, they do not qualify as an insider group").

Here, Williams does not specifically allege in the Complaint the existence of an explicit agreement to trade the securities of a particular issuer, but she does allege that Defendants are a "group" under Section 16.  Compl. ¶ 1.  Moreover, she points to the September 2, 2022 email from Caption to Clarus in which Caption states that "<u>we</u> sought to take the opposite side of transactions that <u>we</u> believed . . . . were effected by a single large shareholder and option trader.  Subsequent to takin the opposite side of those transactions, <u>we</u> hedged <u>our</u> risk."  Pl. Opp. at 10; *see also* ECF No.22-3 at 2 (emphasis added).  Defendants dispute this as merely a vague common objective, but the Court considers that this fact lends support to an inference "demonstrat[ing] a 'common objective' to trade in the securities of "an issuer. "  *See Rubenstein*, 959 F.3d at 547.  The Court therefore concludes that at the pleading stage, Williams has adequately alleged the existence of an agreement between a group of beneficial owners.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Williams's Complaint is **DENIED**.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 20.  Defendants are **ORDERED** to file an answer to the Complaint within twenty-one (21) days of the entry of this order.

**SO ORDERED.**

**Dated:** **New York, New York**
**March 24, 2025**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

12